People v Cassanova (2025 NY Slip Op 00410)

People v Cassanova

2025 NY Slip Op 00410

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, Shulman, Michael, JJ. 

Ind. No. 987/21 Appeal No. 2926 Case No. 2023-01425 

[*1]The People of the State of New York, Respondent,
v
Darren Cassanova, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Barbara Zolot of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy Mitchell, J., at suppression hearing; Albert Lorenzo J., at plea and sentencing), rendered February 16, 2023, convicting defendant, upon his guilty plea, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years to be followed by two years of postrelease supervision, with the sentence to run consecutively to his sentence under a separate indictment, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
An appeal waiver will generally be valid where, as here, in accepting the waiver, "[t]he court's colloquy tracked the model colloquy" (People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). That is, "[t]he court properly explained the nature of the right to appeal (including the right to counsel on appeal), clarified that certain claims survive the waiver, and distinguished between the trial rights automatically waived by pleading guilty and the waiver of the right to appeal as a condition of the particular plea agreement" (id. at 598). The record demonstrates that defendant had "a full appreciation of the consequences" of the waiver and that the waiver was voluntary under the "totality of the circumstances" (People v Williams, 227 AD3d 480, 481 [1st Dept 2024] [internal quotation marks omitted], lv denied 42 NY3d 1022 [2024]; see People v Castillo, 226 AD3d 573, 574 [1st Dept 2024], lv denied 41 NY3d 1017 [2024]).
Thus, defendant's voluntary waiver of his right to appeal forecloses consideration of his Second Amendment claim as well as his claims that the court erred in denying his motion to suppress because the search of his car violated both the Marijuana Regulation and Taxation Act (see L 2021, ch 92; Penal Law § 222.05 [3]), and the state and federal constitutions (see People v Thomas, 34 NY3d 545 [2019]; People v Liriano, 226 AD3d 520 [1st Dept 2024], lv denied 41 NY3d 1019 [2024]).
Based on our own interest of justice powers, we vacate the mandatory surcharge and fee imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434 [1st Dept 2021]). We note that the People do not oppose this relief.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025